1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Moraga, | No. CIV 09-277-TUC-JMR (GEE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles Ryan; et al., | |
| Respondents. | |

On May 14, 2009, Manuel Moraga, an inmate confined in the Arizona State Prison Complex in Tucson, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] Before the court are the petition, the answer, a reply, a supplement to the answer, and a supplemental reply.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition. Moraga's claims are either time-barred or ineligible for habeas corpus relief.

Summary of the Case

Moraga was convicted after a jury trial of two counts of sale of a narcotic drug. (Respondents' answer, pp. 5-6.) On November 5, 2004, the trial court sentenced Moraga to concurrent sentences of 15.75 years' imprisonment. *Id.*

On January 24, 2005, Moraga filed a notice of post-conviction relief in the trial court, but he never followed up by filing a brief. *Id*., p. 6.

Moraga filed a direct appeal, but on April 6, 2006, the court of appeals affirmed his convictions and sentences. *Id*., pp. 6-7. The mandate issued on June 16, 2006. *Id*.

Moraga did not file a timely petition for review, but on December 14, 2006, he filed a motion to file a delayed petition. *Id*., p. 7. The court of appeals denied the motion on January 2, 2007. *Id*.

Earlier, on October 13, 2006, Moraga filed a second notice of post-conviction relief. *Id*. He filed his petition on July 6, 2007. *Id*. On October 5, 2007, the trial court dismissed the petition as untimely. Id. Moraga filed a motion to reconsider, but it was denied.

On December 14, 2007, Moraga filed a petition for review with the court of appeals arguing the trial court abused its discretion in finding his second notice of post-conviction relief was untimely. (Petition, Exhibit D.) On June 5, 2008, the court of appeals issued a decision granting review but denying relief. (Respondents' answer, p. 7.)

On May 14, 2009, Moraga filed the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. [doc. #1] Moraga raises the following claims: (1) an error by the clerk caused his post-conviction relief petition to be denied as untimely, (2) the prosecutor's use of a confidential informant violated his rights under the confrontation clause, (3) his Sixth Amendment rights were violated when a mistrial was declared because exhibits were inadvertently given to the jury, and (4) his rights under the Double Jeopardy Clause were violated when the same exhibits that caused a mistrial in the first trial were used at the second trial. *Id.*

The respondents filed an answer arguing Moraga's grounds for relief are either procedurally defaulted or without merit. This court ordered the respondents to file a supplementary answer addressing the issue of timeliness. The respondents filed a supplementary answer arguing the petition is time-barred. Moraga filed a supplementary reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The court analyzes the issue of timeliness on a claim-by-claim basis rather than giving the petition as a whole a single limitation period. *See Fielder v. Varner*, 379 F.3d 113, 117-21 (3rd Cir. 2004), *cert. Denied*, 543 U.S. 1067 (2005); *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 n. 6, 125 S.Ct. 1807, 1813, n. 6 (2005); *but see Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003). If the petition as a whole had a single limitation period, a late-accruing claim would act to resurrect claims that already had expired. It is unlikely that Congress intended this result. *Id*.

The limitation period for claims (2), (3), and (4) was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On April 6, 2006, the court of appeals affirmed Moraga's convictions and sentences. Moraga had 30 days in which to file a petition for review with the Arizona Supreme Court. Ariz.R.Crim.P. 31.19(a). His conviction became final when he failed to do so – May 8, 2006.[1] The limitation period began running the next day, and expired one year later on May 8, 2007. The instant petition was filed on May 18, 2009, after the limitations period expired. Claims (2), (3), and (4) are therefore time-barred.

Moraga filed his second notice of post-conviction relief on October 13, 2006, while the limitation period was running. This notice did not toll the limitation period, however, because the state court determined it was untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) (An untimely petition for post-conviction relief is not "properly filed" and does not toll the limitation period under § 2244(d)(2).).

Moraga urges this court to decide for itself whether or not his notice was untimely. (Petitioner's supplementary reply.) Unfortunately, if the state court has already ruled on the issue of timeliness, this court may not second guess that determination. *See Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 2141 (2002) (If the state court decides the petition is untimely that is "the end of the matter.").

Moraga's first claim, however, is not untimely. The limitation period for this claim did not begin to run until October 5, 2007, when the trial court ruled that Moraga's second post-conviction relief notice was untimely. 28 U.S.C. § 2244(d)(1)(D). The limitation period was tolled while Moraga appealed this decision. Tolling ended on June 5, 2008, when the court of appeals issued its decision denying relief. The limitation period began to run the next day and ended one year later on June 5, 2009. The instant petition was filed on May 18, 2009, almost

---

[1] The 30th day, May 6, 2006, is a Saturday. The deadline expired on the following Monday. Ariz.R.Crim.P. 1.3(a).

- 4 -

three weeks before the limitation period expired. Claim (1) is not time-barred. Unfortunately, claim (1) is not cognizable in a habeas corpus proceeding.

In claim (1) Moraga argues the trial court erroneously concluded his second post-conviction relief notice was untimely. (Petition.); (Respondents' answer, Exhibit R). The post-conviction review process, however, is not mandated by the Federal Constitution. Accordingly, any errors in that process do not violate the Constitution, and are not cognizable through a federal habeas corpus proceeding. *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998), *cert. denied*, 526 U.S. 1123 (1999); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989); *see also Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480 (1991); *Hubbart v. Knapp*, 379 F.3d 773, 779 (9th Cir. 2004) ("Federal habeas corpus relief is generally unavailable for alleged error in the interpretation or application of state law.") (internal punctuation omitted), cert. denied, 543 U.S. 1071 (2005).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. [doc. #1] Claims (2), (3), and (4) are time-barred. Claim (1) is not cognizable in a federal habeas corpus proceeding.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 28th day of January, 2010.

_____
Glenda E. Edmonds
United States Magistrate Judge